# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONE RAMONE POPE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-254 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| ADULT EDUCATION AND CAREER ) | |
| READINESS CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING CASE

This Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction on January 5, 2018, (Doc. 5). Plaintiff timely responded on January 16, 2018, (Doc. 6). However, Plaintiff's response states no valid basis for this Court's subject matter jurisdiction. Accordingly, for the reasons below, this action will be dismissed for lack of subject matter jurisdiction without prejudice to Plaintiff filing an action in a court of appropriate jurisdiction.

Plaintiff, a Pennsylvania resident, claims that the Adult Education and Career Readiness Center in Erie, Pennsylvania (the "Center"), an alleged Pennsylvania corporation, committed slander against him by falsely attributing two incidents of misconduct to him and denying him access to educational classes on that basis. (Complaint at ¶¶ I.A, I.B, II.A, IV.) While Paragraph II of Plaintiff's *In Forma Pauperis* ("IFP") Complaint checks the box for "Federal

question" jurisdiction, there is no federal cause of action for the tort of slander[1] and Plaintiff's Complaint cited no federal law that would provide a federal cause of action. Although Plaintiff does not allege diversity of citizenship, the Court notes that Plaintiff alleges that he is a Pennsylvania citizen and that the Center is a business incorporated under the laws of Pennsylvania with a principal place of business in Pennsylvania. (Complaint at ¶¶ II, II.B.1.a, II.B.2.b.)

Based on these facts, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The Court's Order to Show Cause explained that "Federal district courts, unlike some state courts, are courts of limited jurisdiction. A federal district court has subject matter jurisdiction to hear a claim arising under federal law, or one between citizens of different states where the amount in controversy exceeds $75,000. 18 U.S.C. §§ 1331, 1332. Plaintiff has failed to allege facts that would establish jurisdiction on either basis." (Doc. 5.) The Court further clarified that "Plaintiff is hereby **ORDERED** to show cause why this case should not be dismissed for lack of subject matter jurisdiction (*i.e.*, to show why this case arises under federal law or why the parties are citizens of different states with an amount in controversy above $75,000)." (Id.)

Plaintiff's response cites two statutes and one case, none of which are relevant to the exercise of the Court's subject matter jurisdiction over this civil action based on Plaintiff's state law claims.[2] Construed liberally in favor of Plaintiff, his arguments are that the authority of a

---

[1] Plaintiff's Response to the Court's Order to Show Cause also mentions "a show of Negligence." The Court notes that, as with slander, there is no federal cause of action for negligence.

[2] Plaintiff cites the following: 28 U.S.C. § 636 (concerning the powers of United States magistrate judges); 18 U.S.C. §§ 3401(a) and (b) (concerning the powers of United States magistrate judges to try criminal misdemeanors and defendants' right in such cases to a criminal trial by a United States judge); and <u>Nesbit v. Gears Unlimited Inc.</u>, 347 F.3d 72 (3d Cir. 2003)

federal magistrate judge to try a criminal misdemeanor case implies federal jurisdiction to hear a state law civil case and that slander is similar to a federal cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964.  As Plaintiff does not allege discrimination on the basis of any protected status and does not explain how authority delegated to magistrate judges vests this Court with subject matter jurisdiction to hear his case, these arguments are—to say the least—unpersuasive.

* * *

For all of these reasons, this case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an action in a court of appropriate jurisdiction.

IT IS SO ORDERED.


January 17, 2018                                               s/Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via First-Class U.S. mail):

**LAMONE RAMONE POPE**
1024 PEACH STREET
ERIE, PA 16501

---

(addressing whether the fifteen-employee threshold under Title VII of the Civil Rights Act of 1964 is a jurisdictional requirement).